## SMITH v. STATE.

[88 South. 712, No. 21886.,]

EMBEZZLEMENT. *Indictment and information. Indictment for embezzlement must allege demand, time when, and place where, defendant was under obligation to pay or deliver property.*

In a prosecution for embezzlement under that clause of section 1402, Code of 1906 (section 1157, Hemingway's Code), which provides that when an embezzlement is committed it may be prosecuted in the county in which the accused was under obligation to pay over funds or to deliver up the property, in order that the indictment may be brought under this provision and may accord with the proof required to sustain the charge, it is necessary that it allege the time when, as well as the place where, the defendant was under obligation to pay over the funds or to deliver up the property, and, if on demand, that demand has been made and payment refused.

APPEAL from circuit court of Union county.

HON. W. A. ROANE, Judge.

Henderson Smith was convicted of embezzlement, and he appeals. Reversed and remanded.

*B. N. Knox,* for appellant.

The proof showed appellant received these francs in France, and not within the jurisdiction of this court, this all links up with the assignments of error as to the *corpus delicti* and venue. Section 1163, Hemingway's Code, states: "Where property is stolen in another state or county and brought into this state, or is stolen in one county in this state and carried into another, the offender may be indicted and tried in any county into or through which the property may have passed or where the same may be found. Then, in the case at bar, in order for the state to have proven the venue, it would have been necessary that it prove either (1) that these francs passed through Union county, or (2) that they were found in Union county. This was not done, and this record is absolutely silent as to these francs ever passing through Union county or their being found in said county. The state evidently understood this to be the law, for witnesses were asked if they ever saw any of this money and they replied in the negative, record, page 23. The state proved that Howell demanded these francs in Union county, Mississippi, and that Howell and the appellant had a conversation regarding same, in Union county, Mississippi. That is all. The state attempted to prove admissions of appellant, before the *corpus delicti* was proven. This is not admissible. The crime must be proven, before an admission or confession of the defendant is competent. The state failed to allege what, if anything, was embezzled, whether it was one hundred forty dollars or seven hundred francs. None of these francs have been seen, according to this record, since they were handed to appellant in France. When properly indicted and placed on trial, he could probably explain their disappearance, which is not material to the issue involved here. It is not

incumbent upon appellant to state anything until he is in-
formed of the nature and cause of accusation against him.
The state has not made out a case of guilt against him.
There has been no valid indictment returned against him.
The whole matter can be summed up in the words of the
second assignment of error in that the court erred in over-
ruling appellant's motion for a directed verdict. If there
was no crime proven, no venue proven, if there was not a
valid indictment, or either of the above, then the defend-
ant should have been acquitted. I earnestly insist that
this man should have been acquitted. I earnestly insist
that this court should reverse this lower court, and dis-
charge the appellant.

*C. E. Dorrah,* for appellee.

In the case of *Kline* v. *State,* 44 Miss. 317, it was held
that while it is better and safer to follow approved prec-
edents, and to adhere closely and precisely to the statu-
tory description of offense, yet the indictment will be good
if, "the offense be certainly and substantially described."
In the case of *Smith* v. *State,* 58 Miss. 867, the court held
the words, "contrary to the form of the statute," to be un-
necessary.

Appellee contends that appellant was tried on a good
and valid indictment, as shown by the section cited above,
and the two cases cited. The fourth assignment of error
alleges that the state failed to prove the *corpus delicti.*
No testimony was introduced on the part of the defendant
to rebut the testimony of the state, and the state conclusive-
ly shows by its testimony that the appellant did convert
to his own use the seven hundred francs entrusted to him
by said Howell. It is shown by the testimony that the
conversation had by Mr. Tate with the appellant that ap-
pellant had some if not all of the money in his possession
after arriving in Union county, Mississippi, as he stated
that he had spent "part of it."

The proof in this case conforms to the indictment. It
is alleged in the fifth assignment of error that the state

failed to prove venue. In answer to that assignment of error I desire to call the court's attention to the case of *State* v. *Hughes,* 96 Miss. 581, 51 So. 464.

For the convenience of the court I quote section 1402, Code of 1906 (section 1151 Hemingway's Code), as follows: "When an embezzlement is committed it may be prosecuted in the county in which the money or property, or some part thereof, was received or converted by the accused, or in the county in which he was under obligation to pay over the funds or to deliver up the property."

In the case at bar the appellant was under obligation to pay over these funds to said Howell upon his arrival at New Albany, Union County, Mississippi, and under the section cited above the circuit court of Union county had jurisdiction. The record does not show that any errors were committed by the court, and if so, none were prejudicial to the interest of the appellant. A fair trial was had upon the evidence introduced by the state, which was competent, and the jury found their verdict, and this verdict should not be interfered with.

WILLIAM H. COOK, J., delivered the opinion of the court.

Appellant was indicted in the circuit court of Union county for embezzlement. There was a demurrer to the indictment, which was overruled, and from a conviction and penitentiary sentence, this appeal was prosecuted.

The indictment charged that—Appellant, "in the county aforesaid, and within the jurisdiction of this court, having received of Mathew Howell seven hundred francs in trust, and to be exchanged for American money and as the agent of said Howell holding the same in trust to be delivered in New Albany, Miss., did then and there unlawfully, willfully, fraudulently, and feloniously appropriate, convert to his own use, and embezzle the said seven hundred francs, or the money received therefor, of the value of one hundred forty dollars good and lawful money of the United States. After having accepted the same as aforesaid, in trust as

aforesaid, to be delivered to the said Howell in New Albany, Miss."

At the conclusion of the testimony the indictment was amended by striking out the word "or" and inserting the word "and" between the words "seven hundred francs" and the words "the money received therefor."

Upon the trial, Mathew Howell, the complaining party, and chief witness for the state, testified that, while he and appellant were 'in France during the World War, he delivered to appellant seven hundred francs under an agreement that appellant would keep them for him until they arrived at New Albany, Miss., and that the francs, of the value thereof, were to be delivered to Howell after they reached New Albany. Under this testimony the court only acquired jurisdiction by reason of the last clause of section 1402, Code of 1906 (Hemingway's Code, section 1157), this section being as follows:

"When an embezzlement is committed it may be prosecuted in the county in which the money or property, or some part thereof, was received or converted by the accused, or in the county in which he was under obligation to pay over the funds or to deliver up the property."

In order that this indictment may be brought under this section and may accord with the proof required to sustain the charge, it is necessary that the indictment allege the time when, as well as the place where, the defendant was under obligation to pay over or deliver up the funds, and, if on demand, that demand has been made and payment refused, and, since this indictment omits these necessary allegations, the demurrer should have been sustained. The cause is therefore reversed, the demurrer sustained, and defendant held on his bond to await the action of another grand jury.

*Reversed and remanded.*