McNulty *v.* Vickery *et al.*

·[88 South. 718, No. 21922.]

Counties.  *Supervisors not liable for injuries to persons resulting from exercise of powers of office in good faith.*
·  Members of the board of supervisors of a county are *quasi*-judicial officers, and are not liable for damages for injuries to private persons resulting from the exercise of their discretionary powers of office in good faith.

Appeal from circuit court of Yalobusha county.
. Hon. E. D. Dinkins, Judge.
·  Action by Vadie McNulty against W. G. Vickery and others.  Demurrer to the declaration was sustained, and plaintiff appeals.  Affirmed.

*Stone & Stone,* for appellant.

Let it be understood in the beginning that this suit was brought with the view that the supervisors were liable on their bond because they had ignored the duty plainly laid down in our statutes, section 4449, Code of 1906, section 7129, Hemingway's Code, and running on back, section 3937 of Code of 1892, that statute providing when a bridge, causeway or the work on any road shall be necessary . . . the board of supervisors shall contract for building and keeping the same in repair.

Here is the plain mandatory provision that the supervisors shall contract; simply this and nothing more.  Our declaration states that it had been repeatedly called to the attention of the board that they were maintaining a death trap at Turkey Creek.  We do not believe that it has gotten to the point that a public officer can make his bond and then sit up and absolutely ignore the plain mandatory provisions of the law and then have it said that there is no remedy against him.  We are perfectly aware of the fact

that quite a number of cases have gone to the supreme court where a case against a county or against a road overseer or against a road contractor or against a supervisor who was road commissioner has failed, but we submit that we have yet to see any holding by the court that a board of supervisors can brutally ignore the provision of section 4449 of the Code of 1906, section 7129 of Hemingway's Code, and absolutely refuse to contract for the repair of a county bridge for many months and refuse to stop travel on it after they have been notified of its dangerous condition and successfully resist a suit for the death of a traveler. Other officers are held on their bonds for violation of their duties where individuals are injured. See the case of *Brown* v. *Lester,* 12 S. & M. 392, reaffirmed and commented on with approval in *Baugh* v. *Land,* 40 Miss. 498, and other cases; and we fail to see how it can be successfully argued that there is a blanket immunity for boards of supervisors and that they can wantonly ignore their duty and be exempt from any penalty whatsoever.

We call the court's attention to the case of *Mounds* v. *Vaughn,* 77 Miss. 684, 27 So. 999, where our view of this statute and its effects is distinctly upheld. It is true that it was not necessary in the decision of this case to pass on section 3937 of the Code and it is true that in that case the pleader went off on the proposition of inspection, etc., and stated himself out of court; however, the court does proceed to show wherein they were short of a case by the following words: "Nor is it averred that the board had failed to contract for the building and keeping in repair of the bridge as authorized by section 3937 of the Code."

The learned justice might have said "command" instead of "authorized" because it is a command, and when you consider with that the statement in your declaration that this board and the members thereof had been repeatedly notified of the unsafe and deadly character of the deathtrap that they were maintaining on Turkey Creek, we think there can be no argument on the point that the

demurrer was not well taken, and we do not think we are presumptious in saying that this case brings to a test whether or not the board.is exempt for any neglect of duty, even though the neglect caused the death of a citizen. Let it again be understood that we are not seeking to hold them liable as road commissioners or as inspectors in lieu of overseer or contractors or anything except a liability for the violation of the plain duty under the law to contract to repair that bridge. It was the plain duty of the board to make a contract for the repair of that bridge or to stop the public at least from going over it. They were maintaining a nuisance that amounted to a death trap and they had repeated the constant notice of the same. They violated that duty wantonly and knowingly, and we are seeking to impose a liability on them for that violation.

We submit that the judgment of the circuit court in sustaining the demurrer should be reversed and this case remanded for further proceeding.

*H. H. Creekmore,* for appellee.

The plaintiff in her brief contends that the declaration states a good cause of action which is a violation of the duty imposed by section 4449, Code of 1906, section 7129, of Hemingway's Code, and in the brief of counsel for appellant this statute is quoted in part and the argument is made that the declaration brings the case within the provisions of this statute and that the statute is mandatory on the board of supervisors.

The plaintiff does not bring herself within the provisions of this statute. The pertinent part of the statute is this: "When a bridge, causeway or other work on any road shall be necessary, and the road overseer cannot make it with the labor of the hands belonging to the road, the board of supervisors shall contract for building and keeping the same in repair."

The plaintiff has not brought herself by her declaration within the provisions of this statute because while she has

charged that the bridge was dangerous and therefrom it might be inferred that repair was necessary she nowhere, in her declaration, avers that the overseers of the road could not make the bridge safe with the labor of the hands belonging to the road. Nor does she aver in her declaration that the roads of Yalobusha county were being worked under a system of which this statute is a part. This certainly is not the bridge referred to in section 7229 of Hemingway's Code.

Another difficulty in the path of the plaintiff on this statute is that the duty of the board arises only in cases where the road overseers could not do the work with the labor of the hands belonging to the road, but also it is their duty only when the work is necessary. The determination of the necessity of the work must be reposed in the discretion of someone and certainly the necessity of the work would rest in the discretion of the board of supervisors, the agents of the county, and who by the constitution are given full jurisdiction over roads, ferries and bridges.

And a member of the boards of supervisors cannot be held liable in damages for a wrongful exercise of discretion committed to him nor for a failure to exercise such discretion. This will be discussed more fully later.

The brief for plaintiff refers to the case of *Moulds* v. *Vaughn,* 77 Miss. 681, and says that the plaintiff's view of the statute and its effect is upheld in that case. Mrs. Mould was injured by the falling of a defective bridge and sued Vaughn, a supervisor, and the surety on his official bond. A demurrer was interposed and the declaration was sustained and the case was affirmed on appeal. The court in its opinion said that the only statute, if any, which could save appellant's case was section 3922, of the Code of 1892, which is not the section relied on by the plaintiffs here. It is true that the court said that it was not averred that the board had failed to contract for the building and keeping in repair of the bridge as provided by section 3937 of the Code. This statement is far from a holding that such averment would make a good declaration but aside from the

failure of the declaration to bring the case within the provisions of section 7129, of Hemingway's Code, the suit would not be maintainable if the necessary averments to bring it within the provisions of the statute were contained in the declaration.

The board of supervisors, by section 170 of the Constitution, are given full jurisdiction over roads, ferries, and bridges to be exercised in accordance with regulations prescribed by the Legislature.

Section 85 of the Constitution directs that the legislature shall provide by general law for the working of public roads by contract or by county prisoners or by both, but that such law shall be put into operation only by vote of the board of supervisors in those counties where it may be desirable. Pursuant to these constitutional provisions the legislature has enacted various laws authorizing different schemes of working public roads.

The board of supervisors, sometime by vote of the people and sometimes without vote of the people, have discretion to adopt such of these plans as it sees fit. And there is a general rule of law, too well settled perhaps for citation of authorities, that public officers are not liable individually for a wrongful exercise of discretion or a mistake in judgment, but may be liable for a negligent performance of a merely ministerial duty. Which of the various schemes for working public roads was in force, in Yalobusha county, the declaration does not aver, but if the scheme of which section 7129 of Hemingway's Code, is a part, is in operation then the board of supervisors had the discretion to determine when a bridge was necessary over Turkey Creek.

The question then may be stated as follows: "Is the action of the board of supervisors, under the laws of Mississippi relative to the working of public roads, a ministerial act or a *quasi*-judicial one in which the exercise of judgment and discretion is necessary?"

From my examination of the authorities I have come to the conclusion that the board of supervisors in determining which plan for working roads under our laws, and in deter-

mining what work is necessary to be done under the particular plan adopted and how the best result may be obtained, are acting, not merely in a ministerial capacity, but concerning matters which require the exercise of good judgment and sound discretion.

Counsel for plaintiff cite cases holding that suits may be brought by individuals injured by a breach of duty owing by public officers and that such suit may be maintained not only against the officer but also against the sureties on the bond. The cases, where recovery was permitted are cases where the duty of the officer was purely ministerial as in the case against the circuit clerk who failed in the ministerial duty to set a cause down on the issue docket.

Of course suit may be brought for the breach of a ministerial duty but that does not assist in the solution of the question of whether the duty of the board of supervisors as to this breach was ministerial or one in which they had discretion.

In passing upon a similar question the supreme court of Idaho has held that county commissioners are not individually liable in damages for an injury caused by defective public highways or bridges, the court saying: "Had there been any intention on the part of the legislature to impose such a liability upon the county commissioners they would have said so by unequivocal enactment." *Warden* v. *Witt,* 4 Idaho, 404, 95 A. S. R. 70.

This language is of special significance in this case because the legislature of Mississippi in all of its various requirements concerning board of supervisors and roads and bridges has not imposed any liability upon the board of supervisors in such cases, while liability of other officials for misfeasance or nonfeasance has been fixed by statute.

For instance section 3475 of the Code of 1906, section 2813, Hemingway's Code, provides that any county or county district officer who knowingly or wilfully neglects or fails to perform any duty required of him by law shall be civilly liable. This statute has been invoked in similar cases other than the one at bar, as authority to hold mem-

bers of the board of supervisors liable to individuals. But it will be observed that this statute is limited to officers who have executed bond for the faithful performance of duty and that the suit shall be brought by the president of the board of supervisors on the bond of the officer guilty of failing to perform a duty imposed upon him by law. In other words the right of action is in the public; and any failure of the board of supervisors to comply with section 7129 of Hemingway's Code, can be corrected by an action in the name of the county. But to quote further from the case of *Warden* v. *Witts, supra,* and particularly that portion of the opinion quoting Colly on Torts it is said: "The rule of official responsibility then appears to be this: That if the duty which the official authority imposes upon the officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance must be a public, not an individual, injury; and must be redressed, if at all, in some form of public prosecution. On the other hand if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong and may support an individual action for damages.

It might be borne in mind that our law prescribed a criminal liability on members of the board of supervisors for neglecting a duty. This includes neglect to build bridges which are necessary and which the road overseers cannot build with the labor of the hands belonging to the road. Thus it is seen that the legislature has given its sanction to the view that the duty owing by the board of supervisors with reference to public roads and bridges is a duty to the public and not a duty to the individual.

And it is a rule of general application that an individual has no right of action against a public officer for breach of his duty owing to the public only, even though such individual is specially injured thereby. Cooly on Torts (2 Ed.), sec. 446; Meacham on Public Officers, sec. 598.

The question of whether boards in matters relating to highways act in a ministerial way or have certain judicial discretion, the supreme court of Vermont has said: "In

matters relating to highways they act as a board and their duties are to a certain extent judicial or *quasi*-judicial." *Daniels* v. *Hathaway,* 65 Vt. 247, 26 Atl. 970; Sherman & Redfield on Negligence (3 Ed.), sec. 156.

It has been stated heretofore in this brief that the legislature has provided certain laws for damages in certain cases. Among these is section 3802 of Hemingway's Code, allowing damages for injuries to stock caused by defects in the highway, and section 7148 of Hemingway's Code, requires the circuit judge to charge the grand jury concerning the condition of public roads, and further provides that any contractor or supervisor who neglects his duty shall be guilty of a misdemeanor and be liable to indictment. This statute will prevent any supervisor from brutally ignoring the law.

The supreme court of North Carolina has held in a very similar case that the board of supervisors had discretionary powers and that they were not liable in any case involving the exercise of such powers. Our supreme court has held that the board of supervisors have discretion as to the working of roads. *Board of Supervisors* v. *Jones,* 103 Miss. 602.

The authorities cited are numerous holding that there can be no right of action against the members of the board of supervisors or commissioners, invested with discretionary powers for an alleged negligent or careless or even wrongful use of such discretion and indeed that an individual may not sue for the wrongful exercise of such power unless perhaps in cases of malice or corrupt exercise of such discretion. But to revert to the question of whether the board of supervisors had discretion as to whether they would order a bridge built over Turkey Creek.

True it is alleged that they had notice of the dangerous condition of the bridge but even then it was in their discretion as the agents of the county and as the body which had full jurisdiction of bridges under the constitution to determine for themselves in their own discretion, the necessity for rebuilding the bridge. And not only the neces-

sity for a bridge at this particular place but what other work in their jurisdiction was necessary and what funds they had with which to do the work and where the work was most needed. *Board of Supervisors* v. *Jones,* 103 Miss. 602.

A suit against the board of supervisors by a person receiving fatal injuries by reason of defective public roads and involving the same legal principles as this case has been before this court recently on demurrer to the declaration. It happens that I was attorney for the appellees in that case as well as for the defendants here. The declaration in that case and the declaration here is based on the same theory and the demurrers in the two cases challenge the respective declarations for the same reasons. The former case was affirmed without an opinion and while I appreciate that the case is not authority, yet the controlling principles are the same and I cite that case to call to the court's attention that they have recently had before them. *Turner* v. *Edmondson,* 82 So. 340.

I respectfully insist that the action of the lower court in sustaining the demurrer was correct and should be affirmed.

Holden, J., delivered the opinion of the court.

This was a suit for damages by the appellant, Mrs. Vadie McNulty, against the five members of the board of supervisors of Yalobusha county and the sureties on their bonds, for the death of her husband, Lester McNulty, who was killed by the collapse of a county bridge over Turkey creek, claiming liability on the part of the supervisors on account of negligently failing to perform their duty in building and keeping in repair the bridge which caused the injury. A demurrer to the declaration was sustained, from which this appeal is prosecuted.

It is contended by the appellant that the members of the board of supervisors are liable in this case because they failed in their duty in not complying with section 4449, Code of 1906 (section 7129, Hemingway's Code), which

provides that—"When a bridge, causeway or other work on any road shall be necessary . . . the board of supervisors shall contract for building and keeping the same in repair."

The declaration alleges that the bridge in question was out of repair and defective, which caused the death of appellant's husband by collapsing when he was passing over it; that the supervisors had notice of the defective condition and failed to repair or rebuild the bridge, which failure resulted in the injury and death.

We think the judgment of the lower court in sustaining the demurrer was correct. The rule is well established that a member of the board of supervisors is a *quasi*-judicial officer, who incurs no liability for damages as the result of the exercise of his judicial or discretionary powers. It is not a ministerial office, but one in which judgment and discretion are to be used in referenc to its duties, and no liability attaches for a mistake made in good faith in performing such duties, which may result in injury to private persons.

The declaration in the case before us seems to have had in view the statute mentioned above, and, if so, it does not come within it, because it does not allege certain conditions precedent as existing before it would have become the duty of the supervisors to build or repair the bridge. However, conceding for the moment that it is within the statute, yet the action must fail for the reason that whether such work on the bridge was necessary was a matter within the discretion and judgment of the board of supervisors, and a mere mistake by the board in the exercise of its discretion in determining whether such work was necessary does not make the board liable in damages.

The supervisors are, of course, responsible to the public for failure of duty, but the individual has no right of action against such officer for the wrongful performance of duties in the exercise of his discretionary functions, in the absence of malice or corruption.

The judgment of the lower court is affirmed.

*Affirmed.*