## TOUCHSTONE v. STATE.

(Division B. Feb. 9, 1931.)

[132 So. 339. No. 29169.]

L. J. Broadway, of Quitman, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant, who apparently is a young man, on Sunday, May 4, 1930, at Pachuta, in the county of Clarke, hired an automobile from the prosecuting witness, who was in the automobile rental business. The prosecuting witness and his wife testified that the statement made by appellant at the time, and the consequent understanding had, was that the car was being hired to take appellant's wife to the home of appellant's father a few miles from Vossburg in an adjoining county, and that the car would be returned within about four hours, on the same day. Appellant's testimony was that he had rented the car to take his wife to her father's home, and that this was the only statement made to the prosecuting witness, there being nothing said about going to the neighborhood of Vossburg; and nothing in respect to returning the car on that particular day or at any particular hour, but only that the car was to be used to take appellant's wife to her father's home and to return the car immediately therefrom.

The home of the father of appellant's wife was in Tulsa, Oklahoma. On the same day, appellant and his wife departed in the car and arrived at Tulsa on Tuesday night. On the following morning appellant left Tulsa with the car to return to Mississippi, and while on the way back was arrested at Dennison, Texas, at the request, apparently, of the Mississippi authorities. The car was unharmed and was in as good condition as when received by appellant. The prosecution was evidently under section 1140, Code 1906, section 893, Code 1930, and, while the testimony is perhaps sufficient to sustain a conviction under the letter of that statute, it is not at all convincing that appellant had any actual purpose or intention of committing any felonious crime, but rather was guilty of only a lesser offense. The jury must have been of this latter opinion, for in their verdict they asked the ''mercy

of the court for the defendant." The court, however, disregarded the appeal of the jury and sentenced appellant to what appears to us to be a harsh term of three years in penitentiary.

There was a demurrer to the indictment, which demurrer was overruled. The grounds of the demurrer, as stated, were sufficient in the terms used to raise the points hereinafter mentioned. The indictment was in the following words, omitting the formal parts:

"That Hyman Touchstone, in said county, on the —— day of ——, A. D. 1930,

"Did unlawfully, wilfully and feloniously, embezzle and fraudulently appropriate to his own use certain personal property, to-wit: a Dodge touring car valued at three hundred dollars which car had theretofore been delivered to him by Louis Lightsey on contract by which he the said Hyman Touchstone was bound to deliver the said car back to the said Louis Lightsey, which he the said Hyman Touchstone feloniously failed and refused so to do, but he the said Hyman Touchstone then and there feloniously, fraudulently appropriated the same to his own use and carried it outside of the state of Mississippi, contrary to the form of the statute in such cases made and provided, against the peace and dignity of the state of Mississippi."

It will be at once observed that there is no averment in the indictment that the property had been delivered to appellant in Clarke county, and no averment that the property was to be redelivered in said county. Nor is there any averment of the time when it was to be redelivered. The statute, section 1402, Code 1906, section 1182, Code 1930, in relation to the venue in prosecutions of this character reads as follows: "When an embezzlement is committed it may be prosecuted in the county in which the money or property, or some part thereof, was received or converted by the accused, or in the county in which he was under obligation to pay over the funds or deliver up the property."

In Smith v. State, 126 Miss. 336, 340, 88 So. 718, it was held that, in order that an indictment may be brought within this section and may accord with the proof required to sustain the charge, it is necessary that the indictment allege the time when as well as the place where the defendant was under obligation to deliver up the property. It will be seen therefore that the indictment in this case is deficient, not only in respect to the features mentioned in the Smith case, but in others besides. So far as the indictment shows, the property may have been delivered to appellant in some other county than Clarke, and was to have been redelivered in some other county, and the time of redelivery is wholly absent in averment. The general charge of felonious embezzlement in the county is not sufficient, for this general averment was present in the Smith case. The judgment is therefore reversed, the demurrer sustained, and appellant is held on his bond to await the action of another grand jury.

Reversed and remanded.